NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50288 |
| Plaintiff-Appellee, | D.C. No. 5:21-cr-00032-JWH-1 |
| v. | |
| LIONEL DEMETRIUS JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted April 11, 2023
Pasadena, California

Before:  BERZON, MILLER, and LEE, Circuit Judges.

Lionel Johnson was found guilty of being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), (g)(9).  He appeals from the district court's denial of his motion to suppress evidence.  We affirm.

Johnson does not dispute that if the police officers' attempt to stop him was supported by reasonable suspicion, then there was probable cause to arrest him for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

"resist[ing], delay[ing], or obstruct[ing] . . . [a] peace officer," Cal. Penal Code §

148(a)(1), when he did not comply with the police orders to stop. Nor does

Johnson dispute that, in the event that his arrest was lawful, the subsequent

warrantless search of his bag yielded admissible evidence.

We conclude that based on the totality of the circumstances, the police did

have reasonable suspicion that Johnson was concealing a firearm in his bag, in

violation of California law. As a result, the district court did not err in admitting

the evidence.

Reasonable suspicion is a level of suspicion greater than a "mere 'hunch'"

but "'less' than is necessary for probable cause." *Navarette v. California*, 572 U.S.

393, 397 (2014) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968), and *United States v.*

*Sokolow*, 490 U.S. 1, 7 (1989)). A 911 call establishes reasonable suspicion when,

under the totality of the circumstances, it "exhibit[s] sufficient indicia of

reliability" and "provide[s] information on potential illegal activity serious enough

to justify a stop." *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir.

2020). Both elements are satisfied here.

First, the 911 call was reliable. When, as here, a 911 caller relays

information from another source who observed possible criminal activity, "we

consider the reliability of both the caller [her]self and the third party whose tip

[s]he conveys." *Id.* at 880.

2

Here, although the reporting residents were anonymous to the police, their report to the apartment manager had indicia of reliability that are relevant to whether the apartment manager's own observations and report were reliable. *See id.* "A couple" of the residents reported to the apartment manager that they saw a man with a gun near the apartment complex's mailbox area. "[T]he existence of multiple tipsters, though anonymous," increased the tip's reliability. *See id.* The residents also relayed first-hand, eye-witness information—they personally saw the gun—further adding to their reliability. *See Foster v. City of Indio*, 908 F.3d 1204, 1214 (9th Cir. 2018).

The apartment manager substantially corroborated the residents' report. After she went to the specified location, she observed for the most part what the residents said she would: A man walked out of the mailbox area carrying a bag large enough to fit a rifle. The bag contained something "long" and "pointed." When, as here, someone matching the suspect's description is found at the location the tipster specifies, the tip is more reliable. *See Foster*, 908 F.3d at 1214.

The man the apartment manager encountered had a turquoise, not a red bag as reported by the residents. But it was reasonable under the circumstances for the apartment manager to conclude that she identified the person that the residents reported. A tip need not be accurate in every respect to be considered reliable. *See Vandergroen*, 964 F.3d at 878 n.3 (deciding a tip established reasonable suspicion

3

even though a tipster inaccurately told the 911 operator that the suspect was Latino).

The apartment manager herself was likewise reliable. She used the 911 system and provided her name and business address, making her a known and therefore more reliable source. *See id.* at 879-80. She also gave the dispatcher the suspect's physical description and the direction in which he was walking. Shortly after the apartment manager described the man to the dispatcher, the police corroborated her account: They encountered Johnson, who matched the description and was carrying a turquoise bag with something "heavy" inside, walking in the specified area. It was therefore reasonable for the police to conclude that Johnson was the man the apartment manager described to the dispatcher.

Second, the apartment manager's reliable tip that Johnson was concealing a gun in his duffel bag "provide[d] information on potential illegal activity." *See id.* at 879. Johnson does not dispute that, at the time of the stop, an officer who received a reliable tip that someone was concealing a firearm in California had reasonable suspicion that the person was violating California law. *See Foster*, 908 F.3d at 1215-17; *Vandergroen*, 964 F.3d at 881-82.

**AFFIRMED.**

4